

4/22 LW

STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

April 21, 2010

Shelter Mutual Insurance Company
1817 West Broadway, % R. Rawlins
Columbia, MO  65218
NAIC # 23388

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2646 6382
Cashier # 2815

Re: Michael Lynn Poston & Myrna Jo Poston  V.  Shelter Mutual Insurance Company

Docket # CC2048M

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on April 19, 2010 by Michael Lynn Poston & Myrna Jo Poston pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of  White County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    White County
    111 Depot Street, Ste 1
    Sparta, Tn  38583

Service of Process 615.532.5260

IN THE CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

**FILED**

MICHAEL LYNN POSTON and wife, MYRNA JO POSTON,

    **Plaintiffs,**

*VERSUS*

SHELTER MUTUAL INSURANCE CO.; AND,
EQUIFIRST CORPORATION; AND,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND,
HOMEQ SERVICING ISAOA; AND,
ARCHER LAND TITLE, INC, IN ITS CAPACITY AS TRUSTEE,

    **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

APR 1 3 2010
TIME _____
BEVERLY F. TEMPLETON
CIRCUIT COURT CLERK

CASE NO. CC2048M
JURY OF 12 DEMANDED

WAIVER OF SERVICE OF SUMMONS

TO:    **Shelter Mutual Insurance Co., Defendant,**
        **c/o State of TN Department of Commerce & Insurance**
        **500 James Robertson Parkway**
        **Nashville, TN 37243-1131**

    SHELTER MUTUAL INSURANCE CO. acknowledges receipt of your request that it waive service of a Summons in the action of the above captioned matter, which is Civil Action Number CC2048M, in the Circuit Court of White County, Tennessee. Shelter Mutual Insurance Co. has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which it can return the signed Waiver of Service of Summons to you without cost to Shelter Mutual Insurance Co.

    Shelter Mutual Insurance Co. agrees to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance be served with judicial process in the manner provided by TENNESSEE RULE OF CIVIL PROCEDURE 4.

    Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the Summons.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*tike@dmkresslaw.com*

*Poston v. Shelter et. al.,* White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 1 of 3



Shelter Mutual Insurance Co. understands that a judgment may be entered against Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance if an Answer or motion under Rule 12 is not served upon you within sixty (60) days after its receipt of the <u>Complaint</u>, <u>Notice of Lawsuit and Request for Waiver of Service of Summons</u> and <u>Waiver of Service of Summons</u>.

**Shelter Mutual Insurance Co.,**
**c/o State of TN Dept. of Commerce & Ins.**

BY: _____

                                    **DATE**

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the <u>Summons</u> and <u>Complaint</u>. A defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of <u>Summons</u>, fails to do so will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the <u>Complaint</u> is unfounded, or that the action, has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the <u>Summons</u> retains all defenses and objections (except any relating to the <u>Summons</u> or to the service of the <u>Summons</u>), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al., White County, Tennessee, Circuit Court case no. CC2048M*
<u>*Waiver of Service of Summons*</u>
*Page 2 of 3*

Case 2:10-cv-00048   Document 1-1   Filed 05/17/10   Page 3 of 23 PageID #: 6

A defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the <u>Complaint</u> and must also file a signed copy of the response with the Court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the <u>Summons</u> had been actually served when the request for waiver of service was received.

RESPECTFULLY SUBMITTED,

D. MICHAEL KRESS II
Tennessee Registration No. 17103
Attorney for Plaintiffs
8 East Bockman Way
Sparta, Tennessee 38583
931.836.1010          Phone
931.836.1110          Facsimile
mike@dmkresslaw.com   Email

CERTIFICATE OF SERVICE

PURSUANT to the TENNESSEE RULES OF CIVIL PROCEDURE, I hereby certify that a true, correct and exact copy of the foregoing <u>Waiver of Service of Summons</u>  has been served upon Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance, addressed to its office located at 500 James Roberson Parkway, Nashville, TN 37243-3131 by placing a copy of same in the United States Mail, First Class, postage prepaid, in a properly addressed envelope with sufficient postage affixed thereon for same to reach its destination.

THIS 13th day of April, 2010.

D. MICHAEL KRESS II

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 3 of 3

Case 2:10-cv-00048   Document 1-1   Filed 05/17/10   Page 4 of 23 PageID #: 7

IN T.   CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

Michael Lynn Poston and wife, Myrna Jo Poston,
        Plaintiffs,

    *Versus*

Shelter Mutual Insurance Co.; and
Equifirst Corporation; and,
Mortgage Electronic Registration Systems, Inc.; and,
HomeQ Servicing ISAOA; and,
Archer Land Title, Inc. in its Capacity as Trustee
        Defendants.

**ALIAS** Civil Summons
Docket No. *CC 2048m*
Complaint
Jury of 12 Demanded

**FILED**

APR 1 2 2010

TIME 4:00 P.M. JM
BEVERLY F. TEMPLETON
CIRCUIT COURT CLERK

TO DEFENDANT:   Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Ins.
500 James Robertson Parkway, Nashville, TN 37243-1131

    YOU ARE HEREBY SUMMONED and required to serve upon  D. MICHAEL KRESS II, Plaintiffs' attorney, whose address is 8 East Bockman Way, Sparta, Tennessee 38583, an Answer to the Complaint which is herewith served upon you within thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file a copy of the Answer with this court within five (5) days after Answer is made.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    Witness, BEVERLY TEMPLETON, CLERK of said Court.  Issued this 12 day of April, 2010.

BEVERLY TEMPLETON

                                    Clerk

    By: _Jm_____

                                  Deputy Clerk

Received this _____ day of _____, 2010.

_____
Service of Process Agent

NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a Four Thousand and 00/100 ($4,000.00) Dollars personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

RETURN ON SERVICE OF SUMMONS

    I hereby certify and return that on the _____ day of _____, 2010. I served this summons together with a copy of the complaint herein as follows:_____

_____
Service of Process Agent

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

COPY

IN THE CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

**FILED**

APR 1 3 2010

TIME 10:30 a.m.
BEVERLY E. TEMPLETON
CIRCUIT COURT CLERK

MICHAEL LYNN POSTON and wife, MYRNA JO POSTON,
    Plaintiffs,

VERSUS

SHELTER MUTUAL INSURANCE CO.; AND,
EQUIFIRST CORPORATION; AND,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND,
HOMEQ SERVICING ISAOA; AND,
ARCHER LAND TITLE, INC. IN ITS CAPACITY AS TRUSTEE,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CC2048M
JURY OF 12 DEMANDED

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

To: **Shelter Mutual Insurance Co., Defendant**
    **c/o State of TN Department of Commerce & Insurance**
    **500 James Robertson Parkway,**
    **Nashville, TN 37243-1131**

A lawsuit has been commenced against Shelter Mutual Insurance Co. A copy of the Complaint is attached to this notice. It has been filed in the Circuit Court for White County, Tennessee, and has been assigned Civil Action Number CC2048M.

This is not a formal Summons or notification from the court, but rather a request that you sign and return the enclosed Waiver of Service of Summons in order to save the cost of serving you with a judicial Summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the Waiver of Service of Summons within twenty (20) days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. Enclosed is a stamped and addressed envelope for your use to return the signed Waiver of Service of Summons at no expense to Shelter Mutual Insurance Co.. An extra copy of the Waiver of Service of Summons is also attached for the records of Shelter Mutual Insurance Co.

If Shelter Mutual Insurance Co. complies with this request and returns the signed Waiver of Service of Summons, it will be filed with the court and no Summons will be served on Shelter Mutual Insurance Co. The action will then proceed as if Shelter Mutual Insurance Co. had been served on the date the Waiver of Service of Summons is filed with the court, and no Summons will be served on Shelter Mutual Insurance Co. The action will then proceed as if you had been served on the date the Waiver of Service of Summons is filed, except that Shelter Mutual Insurance Co. will not be obligated to answer the Complaint before sixty (60) days from the date designated below as the date on which this notice is sent.

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court case no. CC2048M
Notice of Lawsuit and Request for Waiver of Service of Summons
Page 1 of 2

COPY

If Shelter Mutual Insurance Co. does not return the signed <u>Waiver of Service of Summons</u> within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the TENNESSEE RULES OF CIVIL PROCEDURE and will then, to the extent authorized by those Rules, ask the court to require Shelter Mutual Insurance Co. to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the <u>Summons</u>, which is set forth at the foot of the <u>Waiver of Service of Summons</u> form.

I affirm that this request is being sent to you on behalf of the Plaintiffs, this 13th day of April, 2010.

RESPECTFULLY SUBMITTED,

D. MICHAEL KRESS II
Tennessee Registration No. 17103
Attorney for Plaintiffs
8 East Bockman Way
Sparta, Tennessee 38583
931.836.1010     Phone
931.836.1110     Facsimile
mike@dmkresslaw.com    email

## CERTIFICATE OF SERVICE

PURSUANT to the TENNESSEE RULES OF CIVIL PROCEDURE, I hereby certify that a true, correct and exact copy of the foregoing <u>Notice of Lawsuit and Request for Waiver of Service of Summons</u> has been served upon Shelter Mutual Insurance Co., c/o State of Tennessee Department of Commerce & Insurance, addressed to its office located at 500 James Robertson Parkway, Nashville, TN 37243-1131, by placing a copy of same in the United States Mail, First Class, postage prepaid, in a properly addressed envelope with sufficient postage affixed thereon for same to reach its destination.

THIS 13th day of April, 2010.

D. MICHAEL KRESS II

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court case no. CC2048M
<u>Notice of Lawsuit and Request for Waiver of Service of Summons</u>
Page 2 of 2

IN THE CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

**FILED**

APR 1 3 2010
TIME 10:50 o'clock
BEVERLY F. TEMPLETON
CIRCUIT COURT CLERK

MICHAEL LYNN POSTON and wife, MYRNA JO POSTON,    )

    Plaintiffs,    )
        )
*VERSUS*    )
        )
        )    CASE NO. CC2048M
SHELTER MUTUAL INSURANCE CO.; AND,    )    JURY OF 12 DEMANDED
EQUIFIRST CORPORATION; AND,    )
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND,    )
HOMEQ SERVICING ISAOA; AND,    )
ARCHER LAND TITLE, INC. IN ITS CAPACITY AS TRUSTEE,    )
        )
    Defendants.    )

**WAIVER OF SERVICE OF SUMMONS**

To:    Shelter Mutual Insurance Co., Defendant,
        c/o State of TN Department of Commerce & Insurance
        500 James Robertson Parkway
        Nashville, TN 37243-1131

    SHELTER MUTUAL INSURANCE CO. acknowledges receipt of your request that it waive service of a Summons in the action of the above captioned matter, which is Civil Action Number CC2048M, in the Circuit Court of White County, Tennessee. Shelter Mutual Insurance Co. has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which it can return the signed Waiver of Service of Summons to you without cost to Shelter Mutual Insurance Co.

    Shelter Mutual Insurance Co. agrees to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance be served with judicial process in the manner provided by TENNESSEE RULE OF CIVIL PROCEDURE 4.

    Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the Summons,

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
ike@dmkresslaw.com

*Poston v. Shelter et al.*, White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 1 of 3

COPY

Shelter Mutual Insurance Co. understands that a judgment may be entered against Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance if an Answer or motion under Rule 12 is not served upon you within sixty (60) days after its receipt of the Complaint, Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons.

**Shelter Mutual Insurance Co.,**
**c/o State of TN Dept. of Commerce & Ins.**

BY: _____
                                                    **DATE**

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint. A defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of Summons, fails to do so will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the Complaint is unfounded, or that the action, has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the Summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al., White County, Tennessee, Circuit Court case no. CC2048M*
*Waiver of Service of Summons*
*Page 2 of 3*

Case 2:10-cv-00048   Document 1-1   Filed 05/17/10   Page 9 of 23 PageID #: 12

A defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the Court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the Summons had been actually served when the request for waiver of service was received.

RESPECTFULLY SUBMITTED,

D. MICHAEL KRESS II
Tennessee Registration No. 17103
Attorney for Plaintiffs
8 East Bockman Way
Sparta, Tennessee 38583
931.836.1010          Phone
931.836.1110          Facsimile
mike@dmkresslaw.com   Email

CERTIFICATE OF SERVICE

PURSUANT to the TENNESSEE RULES OF CIVIL PROCEDURE, I hereby certify that a true, correct and exact copy of the foregoing Waiver of Service of Summons has been served upon Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance, addressed to its office located at 500 James Roberson Parkway, Nashville, TN 37243-3131 by placing a copy of same in the United States Mail, First Class, postage prepaid, in a properly addressed envelope with sufficient postage affixed thereon for same to reach its destination.

THIS 13th day of April, 2010.

D. MICHAEL KRESS II

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

Poston v. Shelter et. al., White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 3 of 3

IN THE CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

**FILED**

APR 1 3 2010
TIME 10:30 c.m.
BEVERLY F. TEMPLETON
CIRCUIT COURT CLERK

MICHAEL LYNN POSTON and wife, MYRNA JO POSTON,  )

    **Plaintiffs,**  )
      )
*VERSUS*  )
      )
      )   **CASE NO. CC2048M**
SHELTER MUTUAL INSURANCE CO.; AND,  )   JURY OF 12 DEMANDED
EQUIFIRST CORPORATION; AND,  )
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND,  )
HOMEQ SERVICING ISAOA; AND,  )
ARCHER LAND TITLE, INC. IN ITS CAPACITY AS TRUSTEE,  )
      )
    **Defendants.**  )

### WAIVER OF SERVICE OF SUMMONS

TO:   **Shelter Mutual Insurance Co., Defendant,**
      **c/o State of TN Department of Commerce & Insurance**
      **500 James Robertson Parkway**
      **Nashville, TN 37243-1131**

SHELTER MUTUAL INSURANCE CO. acknowledges receipt of your request that it waive service of a Summons in the action of the above captioned matter, which is Civil Action Number CC2048M, in the Circuit Court of White County, Tennessee. Shelter Mutual Insurance Co. has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which it can return the signed Waiver of Service of Summons to you without cost to Shelter Mutual Insurance Co.

    Shelter Mutual Insurance Co. agrees to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance be served with judicial process in the manner provided by TENNESSEE RULE OF CIVIL PROCEDURE 4.

    Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the Summons.

D. Michael Kress II
Attorney-at-Law
6 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
tke@dmkresslaw.com

*Poston v. Shelter et al., White County, Tennessee, Circuit Court case no. CC2048M*
Waiver of Service of Summons
Page 1 of 3

Shelter Mutual Insurance Co. understands that a judgment may be entered against Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance if an Answer or motion under Rule 12 is not served upon you within sixty (60) days after its receipt of the Complaint, Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons.

> Shelter Mutual Insurance Co.,
> c/o State of TN Dept. of Commerce & Ins.
>
> BY: _____
>
>                                    DATE

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint. A defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of Summons, fails to do so will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the Summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

*D. Michael Kress II*
*Attorney-at-Law*
*9 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 2 of 3

Case 2:10-cv-00048   Document 1-1   Filed 05/17/10   Page 12 of 23 PageID #: 15

A defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the <u>Complaint</u> and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the <u>Summons</u> had been actually served when the request for waiver of service was received.

RESPECTFULLY SUBMITTED,

**D. MICHAEL KRESS II**
Tennessee Registration No. 17103
Attorney for Plaintiffs
8 East Bockman Way
Sparta, Tennessee 38583
931.836.1010          Phone
931.836.1110          Facsimile
mike@dmkresslaw.com   Email

## CERTIFICATE OF SERVICE

PURSUANT to the TENNESSEE RULES OF CIVIL PROCEDURE, I hereby certify that a true, correct and exact copy of the foregoing <u>Waiver of Service of Summons</u> has been served upon Shelter Mutual Insurance Co., c/o State of TN Department of Commerce & Insurance, addressed to its office located at 500 James Roberson Parkway, Nashville, TN 37243-3131 by placing a copy of same in the United States Mail, First Class, postage prepaid, in a properly addressed envelope with sufficient postage affixed thereon for same to reach its destination.

THIS 13th day of April, 2010.

**D. MICHAEL KRESS II**

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

Poston v. Shelter et. al., White County, Tennessee, Circuit Court case no. CC2048M
Waiver of Service of Summons
Page 3 of 3

Case 2:10-cv-00048   Document 1-1   Filed 05/17/10   Page 13 of 23 PageID #: 16

IN THE CIRCUIT COURT FOR WHITE COUNTY, TENNESSEE
THIRTEENTH JUDICIAL DISTRICT AT SPARTA

MICHAEL LYNN POSTON and wife, MYRNA JO POSTON,    )
                                                  )
    **Plaintiffs,**                              )
                                                  )
*VERSUS*                                          )   CASE NO. CC 2048 M
                                                  )   JURY OF 12 DEMANDED
                                                  )
SHELTER MUTUAL INSURANCE CO.; AND,                )
EQUIFIRST CORPORATION; AND,                       )
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND, )
HOMEQ SERVICING ISAOA; AND,                       )   **FILED**
ARCHER LAND TITLE, INC. IN ITS CAPACITY AS TRUSTEE, )
                                                  )   AUG 12 2009
    **Defendants.**                             )
                                                  )   TIME 1:10 p/m
                                                      BEVERLY F. TEMPLETON
                                                      CIRCUIT COURT CLERK

### COMPLAINT

COME NOW the Plaintiffs, Michael Lynn Poston and wife, Myrna Jo Poston, and pursuant to the TENNESSEE RULES OF CIVIL PROCEDURE and for their causes of action against the Defendants Shelter Mutual Insurance Co.; and, EquiFirst Corporation; and, HomEq Servicing ISAOA; and, Archer Land Title, Inc. in its capacity as Trustee, submit this Complaint to respectfully state and show unto this Honorable Court, as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1.     THAT the Plaintiffs, Michael Lynn Poston and wife, Myrna Jo Poston, are residents of White County, Tennessee.

2.     THAT the Defendant, Shelter Mutual Insurance Co. (hereinafter "Shelter") is a for-profit organization doing business in the State of Tennessee.  Shelter is the only Defendant from which the Plaintiffs seek an award of damages, as the remaining Defendants are included due to their association with a Deed of Trust which relates to the real property at issue.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al.,* White County, Tennessee, Circuit Court

Page 1 of 8



3.     THAT the Defendant, EquiFirst Corporation (hereinafter "EquiFirst") is a foreign for-profit organization doing business in the State of Tennessee, which is organized and existing under the laws of the State of North Carolina, with offices located at 500 Forest Point Circle, Charlotte, NC 28273. EquiFirst is identified as the "Lender" under the terms of a Deed of Trust dated September 11, 2006, in the principle indebtedness of one hundred, eighty thousand and 00/100 ($180,000.00) Dollars, and lodged of record in Record Book 212, page 177, Register's Office, White County, Tennessee. Said Deed of Trust purports to secure an underlying loan by virtue of identifying the real property which is at issue in this Complaint. A copy of the subject Deed of Trust is attached hereto as **Exhibit 1**.

4.     THAT the Defendant, Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") "is a separate corporation this is acting solely as a nominee for Lender and Lender's successors and assigns." MERS is the beneficiary under the terms of the Deed of Trust described herein and attached hereto as **Exhibit 1**. MERS is a foreign for-profit organization doing business in the State of Tennessee, and is organized and existing under the laws of the State of Delaware, and has an address and telephone number of P.O. Box 2026, Flint Michigan 48501-20216 (telephone number 888.679.MERS).

5.     THAT the Defendant, HomEq Servicing ISAOA (hereinafter "HomEq") is a foreign for-profit organization doing business in the State of Tennessee, with an address of P.O. Box 57621, Jacksonville, Florida 32241-7621. HomEq is identified in the "Homeowners' Insurance Policy Declarations" at issue as the "Mortgagee" and as a loss payee relating to loan number 0325818383, under contract with the Defendant Shelter, and pursuant to such contractual terms the Plaintiffs constitute third party beneficiaries thereunder. A copy of said policy of insurance and corresponding declarations is attached as **Exhibit 2**.

6.     THAT the Defendant, Archer Land Title, Inc. is an inactive domestic for-profit corporation, formerly organized under the laws of the State of Tennessee, with offices identified by the Tennessee Secretary of State as having been located at 750 Old Hickory Boulevard, Suite 286, Brentwood, Tennessee 37027, and is named herein strictly in relation to its capacity in connection with the provisions of a certain Deed of Trust more specifically detailed hereinbelow.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*slike@dmkresslaw.com*

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court

## II. Insurance Policy and Property at Issue

7.    **That** in consideration of monies paid by the Plaintiffs to the Defendant Shelter, Shelter issued and delivered to the Plaintiffs a policy of insurance, being # 41-71-004523063-0003, insuring the Plaintiffs' real estate, dwelling and personal contents against risks, including fire for a period of one year from "March 15, 2008, 12:01 AM Central Time". A copy of said policy of insurance and corresponding declarations is attached as **Exhibit 2**. This action involves real property which the Plaintiffs own and possesses, located at 538 Franklin Avenue, Sparta, White County, Tennessee 38583, and being more particularly described in instrument lodged of record in Record Book 131, Page 782, Register's Office, White County, Tennessee; a copy of which is attached hereto as **Exhibit 3**, with the referenced description incorporated herein.

## III. Facts

8.    **That**, the Plaintiffs, at all times germane hereto, including at the time of the making of the policy and up to the time of the loss and damage to their dwelling and personal property were the owners of Shelter Homeowners Insurance Policy number 41-71-004523063-0003.

9.    **That**, on or about Friday night, September, 12, 2008, to the early morning hours of Saturday, September 13, 2008, while the policy was in full force and effect and during said year, the dwelling and its contents located at 538 Franklin Avenue, Sparta, White County, Tennessee 38583 were destroyed as a result of fire.

10.    **That**, thereafter, later on the morning of Saturday, September 13, 2008, notice of the loss and damage was properly given by the Plaintiffs to the Defendant Shelter, and the Plaintiffs later rendered statements of loss, all in accordance with the terms of the aforesaid policy.

11.    **That**, on or about Monday, September 15, 2008, at the request of the Defendant Shelter, the Plaintiffs each provided recorded statements to an agent, identified as Rosemary Payne, of the Defendant Shelter related to the subject loss. At that time the Plaintiff, Michael Lynn Poston was asked whether he had ever been convicted of a felony and he responded in the affirmative.

12.    **That**, the Plaintiffs made formal demand on the Defendant Shelter for payment under the terms of the policy.

*D. Michael Kress II*
*Attorney-at-Law*
*3 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

13.     THAT, the Defendant Shelter, after asking the Plaintiff, Michael Lynn Poston whether he had ever been convicted of a felony and receiving a response in the affirmative, initially ratified and honored the subject policy by tendering benefits under its terms, including temporary living and clothing expenses. A copy of a representative ratification of the policy is contained in correspondence dated November 11, 2008, and attached hereto as **Exhibit 4.**

14.     THAT the Defendant Shelter stated in December 8, 2008, correspondence that in relation to the subject policy numbered 41-71-004523063-0003, "The policy is being nonrenewed for the following reason(s): 9/13/08 fire claim and severity of the loss." No mention was made of any non-renewal decision being based upon whether Michael Lynn Poston had ever been convicted of a felony despite Defendant Shelter having such knowledge. A copy of the subject correspondence is attached hereto as **Exhibit 5.**

15.     THAT the Defendant Shelter stated in February 12, 2009, correspondence that in relation to completely separate and unrelated automobile policies as follows: "On your original application and subsequent applications with Shelter Insurance Companies, one of the questions on the application for insurance reads as follows: "Has any **driver**, applicant or member of the household ever been convicted of or plead guilty to a felony offense?" You answered "no"." (Emphasis added). A copy of the subject correspondence is attached hereto as **Exhibit 6.**

16.     THAT the Defendant Shelter has failed to provide to the Plaintiffs a copy of any application in relation to the subject homeowners' policy numbered 41-71-004523063-0003, which was filled-out by either of the Plaintiffs.

17.     THAT the Defendant Shelter ultimately denied the demand for payment under the terms of the policy by stating "that all of your policies have been voided back to the inception date." A copy of the February 13, 2009 correspondence is attached hereto as **Exhibit 7.**

18.     THAT in the event that an application related to policy numbered 41-71-004523063-0003 does exist and an incorrect statement is contained therein, same was not made with actual intent to deceive and would not have increased the risk of loss to the Defendant Shelter. It is alleged that the Defendant Shelter's agent filled-out any application which may be applicable by typing misstated or false responses to questions following any signature by the Plaintiffs. Indeed, a copy of a separate application provided by the Defendant Shelter reflects inaccurate statements typed by the Defendant Shelter's agent and signed by such agent. The

D. *Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

*Poston v. Shelter et. al.,* White County, Tennessee, Circuit Court

Page 4 of 8

Plaintiffs acted in good faith and through ignorance of any misstatements by the Defendant, and were improperly misled and induced to sign any applicable application for insurance by the subject Defendant's agent, believing such statements to be accurate and truthful, if it is determined by the court that such statements were, indeed, contained on any such application at the time of signature by the Plaintiffs. A copy of the subject application for insurance which is believed may be applicable to these facts, is attached hereto as **Exhibit 8.**

19.    **THAT,** all of the provisions of the policy have been fully complied with by the Plaintiffs, but the Defendant Shelter has declined and refused to make payment to the Plaintiffs for the loss and damage sustained. The Plaintiffs had been customers of Shelter insurance, without interruption, for a period in excess of twenty (20) years, and Shelter's agent knew the Plaintiffs well, knew their reputation in the community, and Shelter had obtained credit information relating to the Plaintiffs which included information that the Plaintiff, Michael Lynn Poston, had been convicted of a felony.

## IV. BREACH OF CONTRACT

20.    **THAT,** Defendant Shelter's failure and refusal to pay constitutes a breach of contract, in that the Defendant Shelter owed a duty to the Plaintiff's to pay the subject claim, has breached the duty by refusing to pay the subject claim, and the Plaintiffs have suffered damage as a result of such breach, such that the Plaintiffs are entitled to damages, and interest thereon, so as to place them in the position they would have been placed had no breach occurred.

## V. THIRD PARTY BENEFICIARIES

21.    **THAT** the Plaintiffs constitute third party beneficiaries under the terms of the contract between the "Mortgagee"/ loss payee, HomEq, and as such should properly receive the benefit of the payment and satisfaction of the Deed of Trust and underlying indebtedness associated therewith, as detailed herein.

## VI. BAD FAITH

22.    **THAT,** Defendant Shelter's failure and refusal to pay is not in good faith, but rather, is bad faith, and such failure to pay has inflicted expense, loss and injury upon the Plaintiffs. Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for said loss, pursuant to the provisions of TENN. CODE ANN. § 56-7-105.

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

## VII. Ratification, Confirmation, Estoppel and Laches

23.    THAT, Defendant Shelter's actions following the subject fire constitute a ratification and confirmation of the policy/contract at issue, in that following the statement on or about Monday, September 15, 2008, by Michael Lynn Poston that he did have a record of felony convictions, the Defendant Shelter voluntarily made payments under the policy (see **Exhibit 4**); stated that rather than not renew the policy due to any felony conviction, the policy would not be renewed due to "9/13/08 fire claim and severity of loss" (see **Exhibit 5**); and stated that the policy would be honored and the claim paid a few days before stating that the policy would not be honored and the claim would not be paid—all following an unreasonable delay and failure to promptly notify the Plaintiffs of the intention to rescind the policy and ultimate denial of the claim on or about February 12, 2009, approximately five (5) months following the subject fire. The Defendant Shelter's representative, Rosemary Payne, advised the Plaintiffs over the telephone in February that the claim would be paid in full within a week. However, within four (4) to five (5) days following said promise, Rosemary Payne advised the Plaintiffs that the underwriters had decided not to pay the claim. Accordingly, the Defendant Shelter should be precluded and estopped based upon the principles of both, ratification and laches, pursuant to the sound discretion of the Court, from denying the claim following its long silence, which constitutes implied acquiescence and confirmation, amounting to a waiver of any alleged misrepresentation. Throughout the approximate five (5) months which intervened between the fire and the denial of the claim, though being aware that the Plaintiff, Michael Lynn Poston, had previously had a felony conviction, the Defendant Shelter continued to accept and appreciate the benefits associated with multiple insurance policies, including the subject policy, under the terms of which the Plaintiffs were insured. Included in such benefits which the Defendant Shelter has never attempted to return is all interest regarding the monies paid for insurance policies and held by the Defendant Shelter.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

24.    **THAT**, Defendant Shelter's agent, Rosemary Payne, after obtaining the statement on or about September 13, 2008, from the Plaintiff, Michael Lynn Poston, that he had been convicted of a felony offense, then directed the Plaintiffs to obtain an apartment at the expense of the Defendant Shelter under the terms of the subject insurance policy coverage, with the agreement that the Defendant Shelter would pay the rent. The Plaintiffs detrimentally relied on the statements of the Defendant Shelter and obtained an apartment, whereupon the Defendant Shelter paid rent in accordance with the agreement for a period of two (2) months, and then ceased making such payments, stating as a basis that a condition of the continuation of the rental payments was that the Plaintiffs must maintain the mortgage payments on the property damaged by fire in a current status. However, the Plaintiffs had already at that time entered into discussions and an agreement with their mortgage company regarding their payments in view of the fire loss.

25.    **THAT** the Defendant Shelter could not have naturally and reasonably had its judgment influenced to enter into the contract as a result of any felony conviction of the Plaintiff, in that at the time of issuance of the subject policy, the Defendant Shelter knowingly issued other policies of homeowners insurance without considering whether an applicant had been convicted of a felony, and that the Defendant Shelter no longer now requires the disclosure of such information on its applications for homeowners insurance.

## VIII. DAMAGES

26.    **THAT** the Plaintiffs are entitled to an award against the Defendant Shelter for compensatory damages involving all losses covered by the terms of the insurance policy at issue (including temporary living expenses, real property loss, personal property loss both inside and outside the dwelling, and the cost to clean-up the subject real property), pre-judgment interest, and statutory penalties, together with attorneys fees, costs and disbursements.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court order the following:

A.    **FOR** proper process to issue and be served upon the Defendants.

B.    **FOR** the Plaintiffs to be awarded damages, including compensatory (and interest thereon), statutory bad faith, and attorney fees, for their losses described in the Complaint.

C.    **FOR** the Court to award the Plaintiffs a recovery of the costs of this suit.

D.    **FOR** the Plaintiffs to have such other and further relief as the court may deem just, equitable and proper.

**RESPECTFULLY SUBMITTED,**

**D. MICHAEL KRESS II**
Tennessee Registration No. 17103
Attorney for Plaintiffs
8 East Bockman Way
Sparta, Tennessee 38583
931.836-1010              phone
931.836.1110             fax
mike@dmkresslaw.com      email

## VERIFICATION

STATE OF TENNESSEE    )
COUNTY OF WHITE       )

I, **MICHAEL LYNN POSTON** and wife, **MYRNA JO POSTON**, being first duly sworn according to law, make oath that they have read the foregoing *COMPLAINT*, know the contents thereof, and that the statements contained therein are true and correct to the best of their knowledge, information, and belief; that the same are not made out of levity or by collusion with the Defendants, but in truth and sincerity for the causes mentioned therein.

**IN WITNESS WHEREOF**, I hereunto affix my signature on this 31st day of July, 2009.

**MICHAEL LYNN POSTON, PLAINTIFF**          **MYRNA JO POSTON, PLAINTIFF**

**SWORN TO AND SUBSCRIBED** before me on this the 31st day of July, 2009.

**NOTARY PUBLIC**

MY commission expires:  July 18, 2011

## COST BOND

**WE ARE** Principal and Surety for the Costs of this cause not to exceed Five Hundred ($500.00) Dollars.

**MICHAEL LYNN POSTON, PRINCIPAL**          **MYRNA JO POSTON, SURETY**

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

*Poston v. Shelter et. al.*, White County, Tennessee, Circuit Court

Page 8 of 8



Policy Issued By
Shelter Mutual Insurance Co.
Columbia, MO 65218-0001
1-800-SHELTER

**Homeowners' Insurance
Policy Declarations**
Mortgagee Copy

| Named Insured | Agent |
|---|---|
| MICHAEL AND MYRNA POSTON<br>538 FRANKLIN AVE<br>SPARTA TN 38583-1001 | JAMES NUNNALLY LUTCF<br>759B S WILLOW<br>COOKEVILLE TN 38501<br>AGENT #: 41-0B889-05<br>PHONE: 931-528-1966 |

| | |
|---|---|
| Policy Number:       41-71-004523063-0003<br>Policy Form Number: HO-3 (01-2007) | Effective Date: March 15, 2008, 12:01 AM Central Time<br>Expiration Date: February 04, 2009, 12:01 AM Central Time |

| Primary Location | Description |
|---|---|
| 538 FRANKLIN AVE NEAR SPARTA, TN | 1 Family Brick Veneer Dwelling |

| Coverages | | Limits of Liability | Deductible | Endorsement Premium Number |
|---|---|---|---|---|
| A. Dwelling | $ | 114,600 | $1,000 | |
| B. Other Structures | $ | 11,460 | | |
| C. Personal Property | $ | 80,220 | | |
| D. Additional Living Expense | $ | 22,920 | | |
| E. Personal Liab (BI & PD) Each Occurrence | $ | 100,000 | | |
| F. Medical Payments To Others Per Person | $ | 1,000 | | |
| Expanded Restoration Cost Coverage | | | | B-327.9-B |

| Discounts (Reflected In Premium) | |
|---|---|
| Protective Device Credit<br>Companion Policy Allowed | Received For This Reissue       NONE |

| Other Endorsements Attached To This Policy | Endorsement Number |
|---|---|
| Inflation Protection Endorsement | B-697.1-B |
| Amendatory Endorsement - Tennessee | B-747.8-B |

| Mortgagee |
|---|
| LOAN NUMBER: 0325818383<br>HOMEQ SERVICING ISAOA<br>PO BOX 57621<br>JACKSONVILLE FL 32241-7621 |

(For Office Use Only)
Transaction: PC LS
H. O. CODE: 486.00
Policy Term: One Year
Tier 2000

Protection Class: 06
Zone Code: 34
Date Issued: 05-05-2008
        '03242008'

Countersigned By _Rick Means_

B-223.13-B

This page intentionally left blank.